UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

      Plaintiff,                                   Hon. Robert J. Jonker

v.                                                   Case No. 1:23-cv-981

TWITTER, INC.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action against Twitter alleging that he is the victim of a data breach by Defendant which occurred in 2016. (ECF No. 1 at PageID.2). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 7), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

**LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint s allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

-1-

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## **ANALYSIS**

I.    Plaintiff's Present Action Fails to State a Claim

On November 30, 2022, Plaintiff filed suit against Defendant Twitter alleging numerous claims based on the exact same set of operative facts on which the present action is based – an alleged breach of his personal data occurring in 2016. *Sifuentes v.*

*Twitter, Inc.*, case no. 1:22-cv-1128 (W.D. Mich.).  There is no doubt that the claims in the present action are based on the same events as the present factual allegations are simply copied from the complaint Plaintiff filed in the previous action.  Plaintiff's previous action was dismissed for failure to state a claim on which relief may be granted. *Sifuentes v. Twitter, Inc.*, case no. 1:22-cv-1128, ECF No. 19, 21-22, 28, 31, 35, 40 (W.D. Mich.).  Plaintiff's current claims are barred by the doctrine of res judicata.

As has been recognized, "[t]he terms res judicata and claim preclusion often are used interchangeably."  *Brownback v. King*, 592 U.S. ---, 141 S.Ct. 740, 747 n.3 (2021). These terms, however, refer to two "distinct" legal doctrines: (1) issue preclusion and (2) claim preclusion.   Issue preclusion, also known as collateral estoppel, "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." Claim preclusion, often referred to as res judicata, "prevents parties from relitigating the same claim or cause of action if the latter suit arises from the same transaction or involves a common nucleus of operative facts."  *Ibid.*

Claim preclusion bars a claim where four elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action, satisfied where "the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts."  *See, e.g., Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting,*

*Inc.*, 919 F.3d 368, 380-383 (6th Cir. 2019). All four factors are satisfied presently. This Court entered a final decision and judgment on Plaintiff's prior action. The present action is asserted against the very same defendant and seeks to assert claims which Plaintiff could have raised in the previous action. Finally, the claims asserted in the present action arise out of the same core of operative facts.

Where a claim is barred by res judicata, "the weight of authority supports dismissal for failure to state a claim." *Turner v. DeJoy*, 2022 WL 1817752 at *4 (W.D. Tenn., Mar. 15, 2022) (citations omitted); *see also*, *Marshall v. Snider-Blake Personnel*, 2022 WL 16780688 at *5 (S.D. Ohio, Nov. 8, 2022) (citations omitted). Furthermore, "*res judicata* is an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2)." *Marshall*, 2022 WL 16780688 at *5 (citations omitted); *Turner*, 2022 WL 1817752 at *4 (same). Accordingly, for the reasons articulated herein, the undersigned recommends that the present action be dismissed for failure to state a claim on which relief may be granted.

II.   Plaintiff has Abused the Privilege of Proceeding In Forma Pauperis

Plaintiff has a history of filing meritless actions in this court. For example, during a recent six-month period, Plaintiff filed eleven separate actions all of which were dismissed for failure to state a claim on which relief may be granted.[1]   In addition to

---

[1] The cases in question are designated by the following case numbers: 1:22-cv-1128; 1:22-cv-1142; 1:22-cv-1170; 1:22-cv-1194; 1:22-cv-1200; 1:22-cv-1201; 1:22-cv-1203; 1:23-cv-101; 1:23-cv-143; 1:23-cv-187; and 1:23-cv-371.

the present action, Plaintiff has also recently filed two other actions[2] which the undersigned likewise recommends be dismissed for failure to state a claim.

Plaintiff's conduct constitutes an abuse of the privilege of proceeding *in forma pauperis* and has taxed the Court's already limited time and resources. Considering Plaintiff's conduct, the undersigned further recommends that the Court issue an Order barring Plaintiff from proceeding *in forma pauperis* in any future proceedings in this Court. *See, e.g., Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998) (proceeding in forma pauperis is a privilege and not a right); *Hopson v. Secret Serv.*, 2013 WL 1092915, at *3 (W.D. Ky. Mar. 15, 2013) ("Given Mr. Hopson's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court."); *Curry v. Trump*, 2020 WL 1940844, at *1–2 (N.D. Ohio Apr. 22, 2020) (barring the plaintiff from filing additional lawsuits in forma pauperis).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. The undersigned further recommends that Plaintiff be prohibited from proceeding *in forma pauperis* in any further action in this Court. Finally, the undersigned finds that an

---

[2] These cases are designated by the following case numbers: 1:23-984 and 1:23-cv-1013.

appeal of this matter would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 5, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge