UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,

v.

    CASE No. 1:23-cv-981

    HON. ROBERT J. JONKER

TWITTER INC.,

    Defendant.

_____/

## OPINION AND ORDER

This is the latest round in an ongoing saga of civil actions filed by a pro se plaintiff claiming injury arising from a data breach. In this case, the Magistrate Judge recommends dismissing Plaintiff's Amended Complaint for failure to state a claim based on res judicata.[1] Plaintiff has objected to the Magistrate Judge's Report and Recommendation.

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 9) and Plaintiff's Objection to the Report and Recommendation (ECF No. 10). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

---

[1] The Magistrate Judge has filed Reports and Recommendations in two other cases filed by Plaintiff, *Sifuentes v. Dave Inc.*, Case No. 1:23-cv-984 (W.D. Mich. filed Sept. 18, 2023) and *Sifuentes v. Pluto TV*, Case No. 1:23-cv-1013 (W.D. Mich. filed Sept. 25, 2023). While all three cases contain some overlap between the claims asserted and the basis for the Magistrate Judge's recommended dismissal, the Court addresses each case by separate Order.

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court reserves ruling on the issue of issue preclusion, which is the basis of the Magistrate Judge's Recommendation, because the Court concludes that Plaintiff has failed to plead Article III standing and state a *Twombly* plausible data breach claim.

## BACKGROUND

Some brief background is necessary. Plaintiff is a frequent pro se litigant in this district, having filed over thirty cases since March of 2019. Last year Plaintiff filed eleven cases in rapid sequence all of which claimed that the defendant or defendants caused a data breach that injured him in some way. The complaints in those cases raised both state and federal claims.

Plaintiff was granted leave to proceed *in forma pauperis*, and the Magistrate Judge subsequently reviewed Plaintiff's complaints under the screening mechanism of 28 U.S.C. § 1915(e)(2). After conducting that review, the Magistrate Judge issued a Report and Recommendation in each of the eleven cases that the federal law claims be dismissed for failure to state a claim, and that the Court decline to exercise supplemental jurisdiction over the state law claims and dismiss those claims without prejudice. *See, e.g.*, Report and Recommendation, *Sifuentes v. Twitter Inc.,* Case No. 1:22-cv-1128, ECF No. 19 (W.D. Mich. Mar. 9, 2023). Plaintiff did not object to the dismissal of his federal claims. But he did object to the Magistrate Judge's

recommendation that the Court decline supplemental jurisdiction over the state law claims and that the Court dismiss those claims without prejudice.  Plaintiff did not, however, address the statutory provision for supplemental jurisdiction at 28 U.S.C. § 1367, nor did he otherwise argue why the Court had jurisdiction over the state law claims.  Rather, in a rambling missive typical of his filings, Plaintiff argued that he had alleged an Article III injury necessary to confer standing over the matter which was inapposite to the supplemental jurisdiction analysis.[2]  The Court proceeded to adopt the Magistrate Judge's Reports and Recommendations and dismissed the cases.

Following the entries of judgment, Plaintiff filed a slew of appeals and post-judgment motions.  In a serial Rule 60 motion, Plaintiff argued for the first time that the Court should not have dismissed the state law claims because he had asserted diversity jurisdiction as an additional bases for subject matter jurisdiction in his original complaints.  *See, e.g.*, Motion for Relief from Judgment, *Sifuentes v. Twitter Inc.*, Case No. 1:22-cv-1128, ECF No. 39 (W.D. Mich. July 17, 2023).  The Court denied that motion by noting that Plaintiff had failed to meet his burden under Rule 60.  The Court observed, furthermore, that Plaintiff's contentions of diversity were insufficient to properly allege diversity jurisdiction.  The Court concluded by noting that the dismissal of the state law claims was without prejudice, and stated that Plaintiff could refile those claims in State Court, or in federal court if he could plead diversity jurisdiction in good faith.  *See, e.g.*, Order, *Sifuentes v. Twitter Inc.,* Case No. 1:22-cv-1128, ECF No. 40 (W.D. Mich. July 21, 2023).

---

[2] Article III standing in data breach cases appears to be an open question in this circuit following the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 1412 S. Ct. 2190 (2021).  *See Kingen v. Warner Norcross & Judd LLP*, No. 1:22-cv-1126 (W.D. Mich. Oct. 5, 2023) (discussing cases).  The Court need not address the issue of standing given the threshold jurisdictional issue and other problems with the Complaint.

Following the entry of that Order, Plaintiff voluntarily dismissed his remaining appeals and refiled the state law claims in new federal cases, each of which claim diversity as the basis for subject matter jurisdiction.  In three of those cases—the ones at issue here—the Magistrate Judge has filed a Report and Recommendation that the claims in the new complaints are barred by the doctrine of res judicata.  The Magistrate Judge reasons that the doctrine applies to bar Plaintiff's claims because the Court issued a final judgment in the earlier cases; the new cases were asserted against the same Defendants and sought to assert claims that could have been raised in the earlier action; and the claims arose out of the same core of operative facts.  Plaintiff objects by arguing that res judicata should not bar him from proceeding with this case.

## DISCUSSION

Although, as Plaintiff repeatedly points out, *pro se* pleadings are to be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  In reviewing a *pro se* complaint, the Court must construe the pleading in a light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court need not determine whether res judicata applies to this case or not because there is a more fundamental defect with Plaintiff's Amended Complaint that requires dismissal under 28 U.S.C. § 1915(e)(2).  Plaintiff's Complaint alleges that in November 2020, he received a notification of a data breach from Credit Karma, a personal finance website that assists individuals in accessing their credit reports.  Plaintiff alleges that from this breach, he has suffered an invasion

4

of privacy.  He believes that information from the breach may have facilitated the hacking of other accounts held by Plaintiff, including Spotify and Netflix, though he does not allege that these separate accounts have actually been hacked.  Plaintiff alleges that because of the breach he now "wastes his time always switching his password" and spends time making other efforts to protect his personal information.  Plaintiff seeks compensatory and punitive damages.

The Complaint is not a model of clarity, and even a liberal review leaves the Court in the dark to guess at the specific claims Plaintiff seeks to advance.  There are references to California and Michigan statutes and common law, including bailment and negligent and intentional infliction of emotional distress, though no effort is made to identify specific counts or articulate a short and plain statement of the claim that is required by Rule 8.[3]  Leaving this to the side, the fundamental problem with Plaintiff's Complaint is that "Exhibit A," mentioned in Plaintiff's Complaint belies any data breach claim against Twitter, the Defendant in this case.  The notice, rather, states that "Twitter's database <u>wasn't actually breached</u>" and that "[t]o put it simply: it's likely that Twitter wasn't hacked, <u>you were.</u>"  (ECF No. 4-1, PageID.22) (emphasis added).  With this in mind, there

---

[3] There is nothing to suggest that Plaintiff is realleging a federal claim, and Plaintiff depends solely on diversity jurisdiction to support subject matter jurisdiction over the state law claims.  He says that complete diversity of citizenship exists because he is a citizen of Michigan and defendant is headquartered in California.  (ECF No. 2, PageID.4).  And he says the amount in controversy is met because he is seeking compensatory damages of $375,000.00.  Even assuming the amount in controversy requirement has been met, Plaintiff's allegations of diversity of citizenship likely are not enough to properly plead diversity jurisdiction.  For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1).  That Twitter may be "head quartered in San Francisco, California" is insufficient to establish that Twitter is a citizen of California for the purpose of diversity jurisdiction.  *See Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 470 (10th Cir. 1963) ("Where there is not even a general allegation of diversity of citizenship, and where it is merely alleged with respect to a defendant that it is a corporation of a particular state, diversity of citizenship is not clearly alleged[.]"); *see also Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 342 (6th Cir. 1976) (observing "that a mining corporation's headquarters may not invariably govern the location of its principal place of business").  This constitutes an additional basis for dismissing this case.

is simply no way that Plaintiff can demonstrate the injury in fact and traceability necessary for Article III standing in a data breach claim against Twitter. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (setting out the requirements of Article III standing). And for the same reason he cannot establish a *Twombly* plausible data breach claim against Twitter. Any amendment, furthermore, would be futile. This case is properly dismissed under 28 U.S.C. § 1915(e)(2).

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that this case is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2). A judgment consistent with this opinion and order will issue.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 9) is **DISMISSED AS MOOT** with respect to the recommended dismissal based on res judicata. The Court declines to adopt the recommendation that Plaintiff be prohibited from proceeding *in forma pauperis* in future cases at this time.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that het Court dismissed the action, the Court discerns no good-faith basis for an appeal.

**IT IS SO ORDERED.**


Dated:  November 6, 2023                /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE